UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHN COLEMAN,<br><br>          Plaintiff,<br><br>     vs.<br><br>T. LOPEZ, et al.,<br><br>          Defendants. | 1:20-cv-00113-GSA (PC)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 20.)**<br><br>**ORDER GRANTING EXTENSION OF TIME TO FILE AMENDED COMPLAINT**<br><br>**THIRTY DAY DEADLINE TO FILE AMENDED COMPLAINT** |

**I.     INTRODUCTION**

On June 8, 2020, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff asserts that the issues in this case are complex and he is unable to proceed alone because of serious mental disorders. The court recognizes that these conditions make it difficult for Plaintiff to litigate his case, but these conditions do not make this case exceptional under the law. Therefore, the motion for appointment of counsel shall be denied. However, Plaintiff shall be granted another extension of time to file his amended complaint

**II.     MOTION FOR APPOINTED COUNSEL**

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. At this early stage in the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's Complaint was dismissed on January 31, 2020 for failure to state a claim, with leave to amend. To date, Plaintiff has not filed an amended complaint. Thus, there is no complaint on record in this case for which the Court has found cognizable claims. It is too early for service of process, and no other parties have yet appeared. Plaintiff's due process claim is not complex, and a review of the record shows that Plaintiff is able to adequately articulate his claims and respond to the Court's orders. Plaintiff is advised that he is not precluded from renewing the motion for appointment of counsel at a later stage of the proceedings. Accordingly, for the foregoing reasons, Plaintiff's motion for the appointment of counsel shall be denied, without prejudice.

**III.    EXTENSION OF TIME**

The court finds good cause to grant Plaintiff an extension of time in which to file his amended complaint. Therefore, Plaintiff shall be granted 45 days in which to file the amended complaint.

///

**IV.     CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel, filed on June 8, 2020, is DENIED without prejudice; and

2. Good cause appearing, Plaintiff is GRANTED an extension of time until 45 days after the date of service of this order in which to file an amended complaint pursuant to the court's order of January 31, 2020.

IT IS SO ORDERED.

Dated:   **July 24, 2020**                           **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE