UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL JOHN COLEMAN,

Plaintiff,

vs.

T. LOPEZ, et al.,

Defendants.

**1:20-cv-00113-GSA (PC)**

**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS BARRED BY HECK V. HUMPHREY, 512 U.S. 477 (1994) AND EDWARDS v. BALISOK, 520 U.S. 641 (1997); AND FOR PLAINTIFF'S FAILURE TO EXHAUST REMEDIES BEFORE FILING SUIT**

**(ECF No. 22.)**

**30 DAY DEADLINE TO RESPOND**

## I. BACKGROUND

Michael John Coleman ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On January 2, 2020, Plaintiff filed the Complaint commencing this action in the Sacramento Division of the United States District Court for the Eastern District of California. (ECF No. 1.) On January 22, 2020, the case was transferred to this court. (ECF No. 7.)

On January 31, 2020, the court screened the Complaint and dismissed it for failure to state a claim, with leave to amend. (ECF No. 10.). On August 24, 2020, Plaintiff filed the First Amended Complaint, which is now before the court for screening. 28 U.S.C. § 1915. (ECF No. 22.)

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at Salinas Valley State Prison in Soledad, California. The events at issue in the First Amended Complaint took place at the California Substance Abuse Treatment Facility (SATF) in Corcoran, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation. Plaintiff names as defendants T. Lopez, Sergeant K. Sudano, Lieutenant M. Jones, and Correctional Officer Cavagnaro.

Following is a brief summary of Plaintiff's allegations:

Plaintiff alleges that he was issued a 115 Rules Violation Report (RVR) at SATF on October 29, 2019, for possession of a deadly weapon after two razor blades were found in his

cell. Plaintiff claims that he was wrongly charged and sent to the Security Housing Unit (SHU) while he awaited his RVR hearing, violating his rights to due process.

He further alleges that on January 21, 2020, at his RVR hearing, he was found guilty of possession of a deadly weapon. He requested 6 witnesses and only one was interviewed. He suffered a credit loss of 365 days and lost contact visiting privileges. He also had 24 points applied to his classification score. He served a term in the SHU. Plaintiff alleges that the guilty finding will affect his ability to be released as a non-violent offender on parole pursuant to Proposition 47. He was advised that a credit forfeiture for a Division A, B, or C offense will not be restored.

As relief, Plaintiff seeks an order reversing the punitive effects of the guilty finding from his record.

**IV. HECK V. HUMPHREY, 512 U.S. 477 (1994) AND EDWARDS v. BALISOK, 520 U.S. 641 (1997)**

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488. This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. Edwards v. Balisok, 520 U.S. 641, 643–647 (1997).

Here, Plaintiff alleges that he suffered a credit loss of 365 days when he was found guilty of possession of a deadly weapon. If successful, a decision in this case would imply the invalidity

of the prison administrative decision which resulted in Plaintiff's forfeiture of good-time credits. The First Amended Complaint does not contain any allegations to show that Plaintiff's finding of guilt under the RVR has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus. Therefore, Plaintiff shall be required to show cause in writing why this action should not be dismissed as barred by Heck or Edwards.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

It appears on the face of Plaintiff's First Amended Complaint that neither has he exhausted his administrative remedies before filing suit.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Prisoners are required to exhaust before bringing suit. Booth, 532 U.S. at 741. From the face of Plaintiff's First Amended Complaint, it appears clear that Plaintiff filed suit prematurely and in such instances, the case may be dismissed. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (*en banc*) (where failure to exhaust is clear from face of complaint, case is subject to dismissal for failure to state a claim under Rule 12(b(6)); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal. . . .") (overruled on other grounds by Albino, 747 F.3d at 1168-69); see also Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) ("Dismissal for failure to state a claim under § 1915A 'incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).'") (quoting Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)).

**Discussion**

Plaintiff brings allegations in the First Amended Complaint of events occurring after the original Complaint was filed. For example, Plaintiff alleges that he was found guilty of possession of a deadly weapon at his RVR hearing on January 21, 2020, and as a result of the guilty finding he suffered a credit loss of 365 days, lost contact visiting privileges, had 24 points applied to his classification score, and was given a term in the SHU. As relief in the First Amended Complaint, Plaintiff seeks an order reversing the punitive effects of the guilty finding from his record.

Because Plaintiff filed his original Complaint on January 2, 2020, which was before his RVR hearing took place on January 20, 2020, Plaintiff could not have exhausted his remedies for his due process claim concerning the guilty finding before he brought this lawsuit. Therefore, Plaintiff shall be required to show cause why this case should not be dismissed based on Plaintiff's failure to exhaust his administrative remedies before filing suit.

## VI. ORDER TO SHOW CAUSE

In light of the foregoing analysis, Plaintiff is HEREBY ORDERED to respond in writing to this order, within **thirty (30) days** of the date of service of this order, showing cause why this case should not be dismissed as barred by Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997), and dismissed for Plaintiff's failure to exhaust his administrative remedies before filing suit.

**Failure to respond to this order may result in the dismissal of this case.**

IT IS SO ORDERED.

Dated: **September 1, 2020**

**/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE