UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHN COLEMAN,<br><br>        Plaintiff,<br><br>   vs.<br><br>T. LOPEZ, et al.,<br><br>        Defendants. | 1:20-cv-00113-NONE-GSA (PC)<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL BE DENIIED, AND THIS CASE BE DISMISSED AS BARRED BY <u>HECK V. HUMPHREY</u>, 512 U.S. 477 (1994) AND <u>EDWARDS V. BALISOK</u>, 520 U.S. 641 (1997). (ECF No. 22.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

**I.     PROCEDURAL HISTORY**

Michael John Coleman ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  On January 2, 2020, Plaintiff filed the Complaint commencing this action in the Sacramento Division of the United States District Court for the Eastern District of California.  (ECF No. 1.)  On January 22, 2020, the case was transferred to this court.  (ECF No. 7.)

On January 31, 2020, the court screened the Complaint and dismissed it for failure to state a claim, with leave to amend.  (ECF No. 10.).  On August 24, 2020, Plaintiff filed the First

1

Amended Complaint, which is now before the court for screening. 28 U.S.C. § 1915. (ECF No. 22.)

## II.  BACKGROUND INFORMATION

On September 1, 2020, the court reviewed the First Amended Complaint and issued an order requiring Plaintiff to respond and show cause why the First Amended Complaint should not be dismissed as barred by Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997) and for Plaintiff's failure to exhaust remedies before filing suit. (ECF No. 23.)   Plaintiff was advised in the order that "when seeking damages for an allegedly unconstitutional conviction or imprisonment, 'a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.' Heck v. Humphrey, 512 U.S. 477, 487-88 (1994)," and that "[t]his 'favorable termination' requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. Edwards v. Balisok, 520 U.S. 641, 643–647 (1997)." (ECF No. 23 at 3:17-22.) (ECF No. 23 at 17-26.)

On September 30, 2020, Plaintiff filed a response to the court's order. (ECF No. 24.) Plaintiff alleged that his due process rights were violated when he was placed in administrative segregation on a false presumption, and when he was found guilty at a disciplinary hearing of possession of a weapon, suffered a credit loss of 365 days and lost contact visiting privileges. However, Plaintiff's response does not contain any allegations showing that the finding of guilt which resulted in his forfeiture of credits has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus.

## III.  SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  While factual allegations are accepted as true, legal conclusions are not.  Id.  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

## IV.  SUMMARY OF ALLEGATIONS AND CLAIMS IN THE FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at Salinas Valley State Prison in Soledad, California.  The events at issue in the First Amended Complaint allegedly occurred at the California Substance Abuse Treatment Facility in Corcoran, California, when Plaintiff was incarcerated there.  Plaintiff names as defendants T. Lopez, Sergeant K. Sudano, Lieutenant M. Jones, and Correctional Officer Cavagnaro (collectively, "Defendants").

Plaintiff alleges that he was issued a 115 Rules Violation Report on October 29, 2019, for possession of a deadly weapon after two razor blades were found in his cell.  Plaintiff claims that he was falsely accused.  Plaintiff was assigned to administrative segregation while awaiting his hearing.  He was found guilty of the offense at a hearing on January 21, 2020, and suffered a credit loss of 365 days.  He also had 24 points applied to his classification score.

Plaintiff alleges that the disciplinary proceeding against him violated his rights to due process and he requests the restoration of lost credits and removal of the 24 points from his classification score that were wrongly applied due to the disciplinary finding. Plaintiff also requests court-appointed counsel.

## V.  MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has requested appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. The court has found that Plaintiff's claims in this case are barred by Heck v. Humphrey and Edwards v. Balisok, and therefore Plaintiff is unlikely to succeed on the merits. To date the Court has not found any cognizable claims in Plaintiff's complaints for which to initiate service of process, and no other parties have yet appeared. Plaintiff's due process claims are somewhat complex, but based on a review of the record in this case Plaintiff appear that he can adequately articulate his claims. Therefore, Plaintiff's motion for appointment of counsel should be denied.

## VI.  **HECK V. HUMPHREY AND EDWARDS v. BALISOK**

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an

allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 487-88. "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488. This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. Edwards, 520 U.S. at 643–647.

Plaintiff's First Amended Complaint does not contain any allegations to show that Plaintiff's finding of guilt which resulted in his forfeiture of credits and the 24 points added to his classification score has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus. Therefore, Plaintiff is barred by Heck and Edwards from pursuing any claims under § 1983 concerning the process he was provided which resulted in the forfeiture of good time credits.

**VII.    RECOMMENDATIONS AND CONCLUSION**

For the reasons set forth above, the court finds that Plaintiff fails to state any cognizable claims under § 1983, and this case is barred by Heck and Edwards. Therefore, this case should be dismissed, without prejudice to filing a new petition for writ of habeas corpus.

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. This case be dismissed for failure to state a claim under § 1983, without prejudice to filing a petition for writ of habeas corpus; and

2. The Clerk be directed to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen days** of the date of service of these findings and recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

time may result in waiver of the right to appeal the district court's order.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:  **October 2, 2020**                **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE