UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHN COLEMAN,<br><br>           Plaintiff,<br><br>      v.<br><br>T. LOPEZ, et al.,<br><br>           Defendants. | No.  1:20-cv-00113-NONE-GSA (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL<br><br>(Doc. Nos. 22, 26) |

Plaintiff Michael John Coleman is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 31, 2020, the assigned magistrate judge screened plaintiff's complaint and dismissed it for failure to state a claim, with leave to amend.  (Doc. No. 10.).  On August 24, 2020, plaintiff filed his first amended complaint.  (Doc. No. 22.)  On October 2, 2020, the assigned magistrate judge issued findings and recommendations recommending that this case be dismissed for failure to state a claim under § 1983, without prejudice to the filing of a petition for writ of habeas corpus.  (Doc. No. 26.)  The findings and recommendations were served on the parties and contained notice that objections thereto were due within fourteen (14) days after service.  (*Id.* at 5.)  Plaintiff filed objections on October 28, 2020.  (Doc. No. 27.)

1

Plaintiff objects to the denial of his motion for appointment of counsel, asserting that he needs a lawyer because he is a mental health patient, has limited access to the law library, and has difficulty conducting legal research. (*Id.* at 1–2.) Plaintiff does not have a constitutional right to appointed counsel but only in certain exceptional circumstances may the court request the voluntary assistance of counsel. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). In determining whether exceptional circumstances exist, the court must evaluate, in part, the likelihood of success on the merits. *Id.* As explained by the magistrate judge, plaintiff's § 1983 claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997), because the first amended complaint does not contain any allegations to show that the prison administrative decision resulting in the forfeiture of credits has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus. (Doc. No. 26 at 5–6.) Because plaintiff is unlikely to succeed on the merits of this action, the court does not find the requisite exceptional circumstances and thus his motion for appointment of counsel is denied.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis. Accordingly,

1. The findings and recommendations issued by the magistrate judge on October 2, 2020 (Doc. No. 26), are adopted in full;

2. Plaintiff's motion for appointment of counsel is denied;

3. This case is dismissed due to plaintiff's failure to state a claim under § 1983, without prejudice to his filing of a petition for writ of habeas corpus; and

4. The Clerk of Court is directed to assign a district judge to this case for the purpose of closing the case and then to close the case.

IT IS SO ORDERED.

Dated:   **January 28, 2021**

UNITED STATES DISTRICT JUDGE